UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN ELLMAN,

    Plaintiff

    v.

PRIME CARE, INC., et al.,

    Defendants

: No. 3:CV-14-0799
:
: (Judge Nealon)

**FILED
SCRANTON
JUN 10 2014**

PER _____
    DEPUTY CLERK

**MEMORANDUM**

**BACKGROUND**

Plaintiff, Brian Ellman, an inmate at the Centre County Correctional Facility, Bellefonte, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Along with the filing of his complaint, Ellman has submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). Named as Defendants are the Clinton County Correctional Facility, the Centre County Correctional Facility, and Prime Care Medical, Inc. For the reasons set forth below, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff will be given an opportunity to file an amended complaint.[1]

---

[1]Section 1915(e)(2) provides that:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been
(continued...)

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. Ashcroft v. Iqbal, 556 U.S.662, 677 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Plaintiff states that in February, 2013, he was placed in the Centre County Correctional Facility as a parole violator. (Doc. 1, complaint). He claims that he "let the nurses know upon arrival that [he] is a vegan and that [he] needed glasses." Id. He complains that he "lost forty pounds and was so weak that [he] could not get

---

[1](...continued)
paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

out of bed," and that "nothing was done until two weeks before [he] was scheduled to go home" and "by that time, no one cared." Id.

On June 10, 2013, Plaintiff "returned to Clinton County Correctional Facility" and "continued to lose weight." Id. He alleges that "it took two months for Prime Care Inc. to do anything" and that he's "supposed to be receiving double portions but some days [he] doesn't." Id. He claims that "he still has not gotten [his] weight back yet and Prime Care Inc. does not care." Id. Finally, he states that he "was seen by a Prime Care Inc. doctor concerning [his] vision" and "they refuse to send [him] to an eye doctor and told [him] that [he] should buy reading glasses from the store at the jail, where they cost ten dollars that [he] doesn't have." Id.

Plaintiff seeks to have "both County Jails to be held accountable for what they did" and "what they continue to do." Id. For relief, Plaintiff requests "ten million dollars" in damages. Id.

## Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by

Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). A § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Furthermore, a prison or correctional facility is not a "person" within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, 1995 WL 92370, *1 (E.D. Pa. Feb. 28, 1995). See also Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977) (holding that the parole board could not be sued because it is not a person within the meaning of § 1983). It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." Fischer, 474 F.2d at 992; see also Thompkins v. Jane Doe, No. 99-3941, slip op. at 2-3 (3d Cir. March 16, 2000); Stanley v. Delaware Co. Medical Dept., 1991 WL 29928, *1 (E.D. Pa. Feb. 27, 1991) (finding that a prison medical department clearly is not a person for purposes of § 1983).

Pursuant to the above standards, Clinton County Correctional Facility, Centre County Correctional Facility, and Prime Care Medical Inc., are not persons and may not be sued under § 1983. Thus, by naming only the Prisons and the Medical

Department, Ellman has failed to allege that a person acting under color of state law violated his constitutional rights, and has, therefore, failed to set forth a cognizable claim under 42 U.S.C. § 1983. See Burgess v. SCI-Medical Facility, Civ. No. 96-0636, slip. op. at p. 2 (M.D. Pa. May 9, 1996) (Vanaskie, J.). Consequently, these Defendants will be dismissed.

In the context of medical care, while the relevant inquiry is whether the defendants were: (1) deliberately indifferent (the subjective element) to (2) the plaintiff's serious medical needs (the objective element), Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), the plaintiff must meet the requirements of the inquiry. Here, Plaintiff has failed to specifically identify a named Defendant and indicate how such Defendant was deliberately indifferent to his medical needs, and more importantly, to what serious medical need was he indifferent.

But, in light if "the liberal policy favoring amendment of complaints as expressed in Rule 15(a)" and the policy that a pro se litigant's civil rights claim, "where possible, should be decided on the merits," Plaintiff will be allowed to amend his complaint. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981); Kauffman v. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846 (1970); FED. R. CIV. P. 15. Plaintiff's conclusory claims of denial of medical

-5-

treatment may be amended under penalty of dismissal. If no proper amended complaint is filed within the prescribed time, this action may be dismissed.

The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). Federal Rule of Civil Procedure 8(a) requires that a complaint consist of a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. The short, plain, and concise statement of claim must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'." Leatherman v. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A separate Order will be issued.

Dated: June 10, 2014

_____
**United States District Judge**